ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
SUSANNA MARTINEZ
Assistant U.S. Attorney
State Bar No. 028938
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: susanna.martinez@usdoj.gov
Attorneys for Plaintiff

FILED _____ LODGED
_____ RECEIVED _____ COPY

JUN 2 0 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Lisa Diamond Harris,<br><br>　　　　　Defendant. | 17-CR-1268-RM (BPV)<br><br>PLEA AGREEMENT<br><br>(Fast Track § 5K3.1/<br>Government Savings § 5K2.0) |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

1.　　The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with a felony violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C), Conspiracy to Possess with Intent to Distribute Marijuana.  Count Two of the Indictment will be dismissed at sentencing.

## Elements of the Offense

2.　　The elements of the offense are as follows:

　　　　a.　　The defendant agreed with at least one other person to commit the crime of Possession with Intent to Distribute Marijuana as charged in the Indictment;

1          b.     The defendant became a member of the conspiracy knowing that its

2    object was the Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C.

3    §§ 846, 841(a)(1) and (b)(1)(D), and intending to accomplish said object.

4         As a sentencing factor, the government would be required to prove the quantity of

5    marijuana that the defendant conspired to possess.

6    <div align="center">Maximum Penalties</div>

7        3.     The defendant understands that the maximum penalties for the offense to

8    which he/she is pleading are a fine of $1,000,000.00, a maximum term of 20 years

9    imprisonment, or both, and a term of between three (3) years and lifetime supervised

10   release.

11       4.     The defendant agrees to pay a fine unless the defendant establishes the

12   applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

13       5.     Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment

14   of $100.00 per felony count.  The special assessment is due and payable at the time the

15   defendant enters the plea of guilty, but in no event shall be paid later than the time of

16   sentencing unless the defendant is indigent.  If the defendant is indigent, the special

17   assessment will be collected according to the provisions of Chapters 227 and 229 of Title

18   18, United States Code.

19   <div align="center">Drug Conviction & Immigration Consequences</div>

20       6.     The defendant understands and acknowledges that pleading guilty may result

21   in the termination or denial of certain food stamp, social security, and other benefits for

22   defendant   and   the   defendant's   immediate   family   pursuant   to   21   U.S.C.

23   §§ 862 and 862a.

24       7.     The defendant recognizes that pleading guilty may have consequences with

25   respect to his/her immigration status if the defendant is a recently naturalized United States

26   citizen or is not a citizen of the United States.  Under federal law, a broad range of crimes

27   are removable offenses, including the offense(s) to which defendant is pleading guilty.

28   Although there may be exceptions, the defendant understands that the defendant's guilty

<div align="center">- 2 -</div>

1   plea and conviction for this offense make it practically inevitable and a virtual certainty

2   that the defendant will be removed or deported from the United States.  The defendant

3   agrees that he/she has discussed this eventuality with his/her attorney.  The defendant

4   nevertheless affirms that he/she wants to plead guilty regardless of any immigration

5   consequences that this plea entails, even if the consequence is the defendant's automatic

6   removal from the United States.

7   <center>STIPULATIONS, TERMS AND AGREEMENTS</center>

8   <center>Agreements Regarding Sentencing</center>

9      8.   Guideline Calculations: Although the parties understand that the Guidelines

10   are only advisory and just one of the factors the Court will consider under 18 U.S.C.

11   § 3553(a) in imposing a sentence, pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties

12   stipulate and agree that the following guideline calculations are appropriate for the charge

13   for which the defendant is pleading guilty:

14   Base Offense Level - Career Offender    4B1.1(b)(3)    32

15   Acceptance of Responsibility    3E1.1    -3

16   Early Disposition/Government Savings    5K3.1/5K2.0    -4

17   Total Adjusted Offense Level:    25

18      9.   The parties agree that the defendant was an average participant in the offense

19   for the purpose of role analysis under U.S.S.G. §§ 3B1.1 and 3B1.2.

20      10.   Sentencing Range: Pursuant to Fed. R. Crim. P., Rule 11(c)(1)(C), the

21   government and the defendant stipulate and agree that the following is an appropriate

22   disposition of this case (Zone D sentencing options only): **100 to 137 months

23   imprisonment to run concurrent to the sentence imposed in *United States v. Lisa

24   Diamond Harris, et. al.*, 17-CR-1512-CKJ (BGM).**

25      11.   The defendant may withdraw from the plea agreement if he/she receives a

26   sentence in excess of the stipulated ranges listed above.

12. If the defendant moves for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement.

13. If applicable, the government agrees not to file an information pursuant to 21 U.S.C. § 851.

14. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

15. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

16. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

17. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

<u>Forfeiture</u>

18. Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or

1  initiating an action for civil forfeiture.  Further, this agreement does not preclude the United

2  States from instituting any civil proceedings as may be appropriate now or in the future.

3  <center>Waiver of Defenses and Appeal Rights</center>

4       19.    Provided the defendant receives a sentence in accordance with this fast-track

5  plea agreement, the defendant waives (1) any and all motions, defenses, probable cause

6  determinations, and objections that the defendant could assert to the indictment or

7  information; and (2) any right to file an appeal, any collateral attack, and any other writ or

8  motion that challenges the conviction, an order of restitution or forfeiture, the entry of

9  judgment against the defendant, or any aspect of the defendant's sentence-including the

10  manner in which the sentence is determined and any sentencing guideline determinations.

11  The sentence is in accordance with this agreement if the sentence imposed does not exceed

12  137 months imprisonment and is within the stipulated range or below the stipulated range

13  if the Court grants a variance.  The defendant further waives: (1) any right to appeal the

14  Court's entry of judgment against defendant; (2) any right to appeal the imposition of

15  sentence upon defendant under Title 18, United States Code, Section 3742 (sentence

16  appeals); (3) any right to appeal the district court's refusal to grant a requested variance;

17  (4) any right to collaterally attack defendant's conviction and sentence under Title 28,

18  United States Code, Section 2255, or any other collateral attack; and (5) any right to file a

19  motion for modification of sentence, including under Title 18, United States Code, Section

20  3582(c).  The defendant acknowledges that this waiver shall result in the dismissal of any

21  appeal or collateral attack the defendant might file challenging his/her conviction or

22  sentence in this case.  If the defendant files a notice of appeal or a habeas petition,

23  notwithstanding this agreement, defendant agrees that this case shall, upon motion of the

24  government, be remanded to the district court to determine whether defendant is in breach

25  of this agreement and, if so, to permit the government to withdraw from the plea agreement.

26  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective

27  assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section

28  II.B of Ariz. Ethics Op. 15-01 (2015)).

<center>- 5 -</center>

### Reinstitution of Prosecution

20.     Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement.  In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement.  Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Plea Addendum

21.     This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

### WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.  I have discussed the case and my constitutional and other rights with my attorney.  I understand that by entering my plea of guilty I will be

-6-

1   giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and
2   compel the attendance of witnesses; to present evidence in my defense; to remain silent
3   and refuse to be a witness against myself by asserting my privilege against self-
4   incrimination; all with the assistance of counsel; to be presumed innocent until proven
5   guilty beyond a reasonable doubt; and to appeal.

6        I agree to enter my guilty plea as indicated above on the terms and conditions set
7   forth in this agreement.

8        I have been advised by my attorney of the nature of the charge to which I am entering
9   my guilty plea. I have been advised by my attorney of the nature and range of the possible
10   sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the
11   sentence the court imposes.

12        My guilty plea is not the result of force, threats, assurance or promises other than
13   the promises contained in this agreement. I agree to the provisions of this agreement as a
14   voluntary act on my part, rather than at the direction of or because of the recommendation
15   of any other person, and I agree to be bound according to its provisions. I agree that any
16   Sentencing Guidelines range referred to herein or discussed with my attorney is not binding
17   on the Court and is merely an estimate.

18        I agree that this written plea agreement contains all the terms and conditions of my
19   plea and that promises made by anyone (including my attorney) that are not contained
20   within this written plea agreement are without force and effect and are null and void.

21        I am satisfied that my defense attorney has represented me in a competent manner.

22        I am not now on or under the influence of any drug, medication, liquor, or other
23   intoxicant or depressant, which would impair my ability to fully understand the terms and
24   conditions of this plea agreement.

25                    Factual Basis and Relevant Conduct
26        I further agree that the following facts accurately describe my conduct in connection
27   with the offense to which I am pleading guilty and that if this matter were to proceed to
28   trial the government could prove the elements of the offense beyond a reasonable doubt:

-7-

On or about May 18, 2017, at or near Topawa, on the Tohono O'odham Indian Nation, in the District of Arizona, Lisa Diamond Harris was the driver of a 1996 Dodge Ram pickup truck. The vehicle contained 64.10 kilograms of marijuana concealed in the back seat under a blanket. Harris knew the vehicle contained a controlled substance. She admits the controlled substance was marijuana and she intended to be paid to deliver the marijuana to another person.

06 20 2018
Date

Lisa Diamond Harris
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

Date: 6-20-18

David Basham, Esq.
Attorney for Defendant

///

- 8 -

1

## GOVERNMENT'S APPROVAL

2      I have reviewed this matter and the plea agreement.  I agree on behalf of the United

3   States that the terms and conditions set forth are appropriate and are in the best interests of

4   justice.

5                                            ELIZABETH A. STRANGE
                                             First Assistant United States Attorney
6                                            District of Arizona

7

8   Date: 6/20/18

9                                            SUSANNA MARTINEZ
                                             Assistant U.S. Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28